IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA )
)
v. ) No. 2:08-CR-80
)
HASKELL L. HUMPHREY )

**MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's motion for revocation of the detention order [doc. 103]. 18 U.S.C. § 1345(b). The defendant argues that there were conditions that would reasonably assure the safety of the community and his presence at further proceedings. The defendant argues that the magistrate judge relied on matters not in evidence and improperly took judicial notice of unproven facts. The government has not responded to the defendant's motion, and the motion is ripe for the court's consideration. For the reasons discussed below, the defendant's motion will be denied.

On February 27, 2009, Magistrate Judge Dennis Inman entered an order detaining the defendant pending trial in this methamphetamine case [doc. 91]. Magistrate Judge Inman found that there was probable cause to believe that the defendant had committed a drug offense for which the punishment was ten years or more and that the defendant had not rebutted the presumption that there

was no condition or combination of conditions that would reasonably assure the appearance of the defendant or the safety of the community.  The evidence at the detention hearing was that the defendant allegedly supplied pseudoephedrine for manufacturing methamphetamine, and there was evidence that the defendant was allegedly involved in some thefts of tanks of anhydrous ammonia from area businesses, also a necessary ingredient in the manufacture of methamphetamine.  Magistrate Judge Inman noted that the defendant tested positive for both marijuana and methamphetamine when he was arrested on these charges, and there was evidence that the defendant had been addicted to methamphetamine for some time. The defendant also has a prior drug conviction (misdemeanor) and arrests for assault.

The defendant contends that the testimony of his father that he would take in the defendant and supervise him if he was released demonstrates that there are conditions that would meet the criteria for release into the community pending trial. The defendant argues that with the supervision of his father, electronic monitoring, and drug testing and counseling, he could be safely released into the community.

The court disagrees with the defendant's contention, and finds that the defendant has not rebutted the presumption that he should be detained. 18 U.S.C. § 3142(e).  The defendant is charged with three counts: conspiracy to distribute methamphetamine, conspiracy to manufacture methamphetamine, and

possession of equipment, chemicals, etc. used to manufacture methamphetamine. These charges, if proven, could result in a very lengthy sentence for the defendant. Further, it appears that the defendant is a methamphetamine addict, and as Magistrate Judge Inman said, he is a "revocation guaranteed to happen." The court agrees with the magistrate judge that there is no condition or combination of conditions that will assure the safety of the community if the defendant is released.

Therefore, it is hereby **ORDERED** that the defendant's motion is **DENIED**, and the defendant shall remain detained until the trial or other disposition of this case.

ENTER:

            *s/ Leon Jordan*            
United States District Judge